77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Josie GRAY, Administratrix of the Estate of Peggy M. Bush,
Deceased, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, Defendant
Springfield Surgery, P.C.; Sarbjeet S. Kumar, Defendant-Appellees.
 No. 94-5115.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1996.
 
 Before: KRUPANSKY, NELSON, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 In view of the opinion of the Tennessee Supreme Court, filed on January 29, 1996, in response to our certification request in this case on May 2, 1995, we now affirm the judgment of the district court in all respects. See Josie Gray, Administrator of the Estate of Peggy M. Bush, Deceased, v. Ford Motor Company, et al., No. 01501-9505-FD-00066, 1996 W.L. 30794 (Tenn. Jan. 29, 1996), in which the Tennessee Supreme Court held that "the principles of comparative fault apply in Tennessee medical malpractice actions, so as to result in the apportionment of fault between the estate of a decedent who acted negligently in causing the initial injury, and a physician who acted negligently in the treatment of the decedent for that injury." Slip Opinion at p. 7. It follows that the district court correctly instructed the jury that, in the words of the Tennessee Supreme Court, "[t]he physician's liability [must] be limited to the percentage of the total damages attributed to his negligence." Id. at 7-8.
 
 
 2
 AFFIRMED.